

FILED

03/31/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0635

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 19-0635

STATE OF MONTANA,

Plaintiff and Appellee,

v.

MYRON CUNNINGTON,

Defendant and Appellant.

FILED

MAR 3 1 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

On November 6, 2019, self-represented litigant Myron Cunnington filed an Affidavit and "Petition to Vacate Judgment" in his Flathead County District Court Cause No. DC-13-381 (B), that was docketed as a Notice of Appeal. After receipt of the record, Cunnington timely filed his opening brief. The Assistant Attorney General for the State of Montana moves this Court for the appeal's dismissal because "an additional appeal or other collateral relief is inappropriate in this matter."

The State provides the procedural backdrop, which we summarize here. In February 2014, Cunnington pleaded guilty to two counts of felony criminal possession of dangerous drugs in the Flathead County District Court. The District Court sentenced him to the Montana State Prison for two, consecutive five-year terms in April 2014. Cunnington began serving his probationary term and in October 2015, the State filed a petition for the revocation of his suspended sentence. In late November, the court revoked Cunnington's sentence and imposed two, five-year prison terms (hereinafter 2015 sentence upon revocation). Cunnington initially applied for review with this Court's Sentence Review Division and then later vacated this review because Cunnington would be seeking an appeal.

On February 24, 2016, counsel for Cunnington filed a notice of appeal of the 2015 sentence upon revocation. Appellate counsel later sought withdrawal, pursuant to § 46-8-

103(2), MCA, and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). In the *Anders* brief, counsel raised the issue of whether the District Court erred when it denied Cunnington's motion for substitution of judge filed at the commencement of his revocation proceedings. Appellate counsel pointed out that Judge Allison had represented Cunnington in the Youth Court in the 1980s and that Cunnington may have believed that the substitution procedure was available to him at the start of the revocation proceedings. Cunnington did not file a response in the time allowed by this Court. In a December 16, 2016 Order, after independently examining the record, this Court dismissed Cunnington's appeal, concluding that "there are no arguments with potential legal merit that could be raised on appeal in this case." *State v. Cunnington*, No. DA 16-0124, Order (Mont. Dec. 13, 2016).

The State now requests dismissal because Cunnington's instant appeal is untimely and procedurally barred. The State points out that Cunnington had the opportunity to raise such issue in his direct appeal and that his counsel on appeal did so. Regardless, the State posits that Cunnington is foreclosed from seeking an appeal of the 2015 sentence upon revocation because this Court has already had such an appeal and because Cunnington has not demonstrated extraordinary circumstances to warrant an out-of-time appeal. M. R. App. P. 4(5)(b)(i) and M. R. App. P. 4(6). Moreover, the State highlights that even construing Cunnington's appeal as a form of postconviction relief, it is improper. *See* § 46-21-101(1), MCA (petition for postconviction relief must be filed in the sentencing court) and § 46-22-101(2), MCA (habeas corpus relief is not available for sentences upon revocation).

We agree with the State that this appeal is not properly before this Court. "[T]he supreme court's dismissal of an appeal or cross-appeal is with prejudice and constitutes the final judgment of the supreme court." M. R. App. P. 19(2). We conclude that this dismissal of Cunnington's second appeal for his 2015 sentence upon revocation is warranted here. Therefore,

2

IT IS ORDERED that the State's Motion to Dismiss Appeal is GRANTED and this appeal is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Cunnington's pending "Objection to 30 Day Extension" is DENIED, as moot.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Myron Cunnington personally.

DATED this 31st day of March, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices